IN THE UNITED STATES COURT OF A7PPEALS
ELEVENTH CIRCUIT
11th Cir. Case No. 24-14020

DEBORH GREY,

     Appellant,

vs.

VENGROFF WILLIAMS, INC.
and SECOND LOOK, INC.,

     Appellees.

_____/

### PLAINTIFF-APPELLANT'S REPLY BRIEF

Christopher C. Sharp
Florida Bar No. 996858
SHARP LAW FIRM, P.A.
1600 West State Road 84, Suite C
Fort Lauderdale, Florida 33315
Phone: (954) 909-4246
Fax: (954) 206-8444
csharplaw@aol.com
chris@csharplawfirm.com
*Attorney for Appellant*

Dated:  October 30, 2025

## Certificate of Interested Persons

Appellant, pursuant to Eleventh Circuit Rule 26.1-1, certifies that the following persons and business entities have an interest in the outcome of this appeal:

1. Collier, Jason A., Counsel for Defendants/Appellees

2. Daiker, Duane A. - Attorney for Plaintiff/Appellees

3. Grey, Deborah, Plaintiff/Appellant

4. Guerin, Ryan M., Counsel for Defendants/Appellees

5. Second Look, Inc., Defendant/Appellee

6. Sharp, Christopher C., Counsel for Plaintiff/Appellant

7. Sharp Law Firm, P.A., Plaintiff's/Appellant's law firm

8. Shumaker, Loop & Kendrick, LLP, Defendants'/Appellees' law firm

# Table of Contents

Certificate of Interested Persons…………………………………………………………1

Table of Contents …………………………………………………………………..2

Table of Citations……………………………………………………………………..3

Argument……………………………………………………………………………...5

Point I.      The district court's "suspicion" that Grey could not establish that she was regarded as disabled under the ADA was more than mere dicta in a footnote since it was based on a clearly erroneous application of the "transitory and minor" defense established by 42 U.S.C. § 12102(3)(B) and  29 C.F.R. § 1630.15(f) and cannot be affirmed on any other grounds…………………………………………………………………..5

Point II.     The district court's rejection of Maryann Vitikiez as a comparator was clearly erroneous and constituted reversible error, since it prevented Grey from establishing a *prima face* case under the ADEA and foreclosed any opportunity to present critical evidence of pretext based on disparate treatment……………………………………………..……8

Point III     If the district court properly found that Appellant was regarded as disabled under the ADA and that Maryann Vitikiez was a valid comparator for purposes of the ADEA claim, the evidence regarding the circumstances and timing of Grey's termination and Second Look's more favorable treatment of Maryann Vitikiez would have been sufficient under Rule 56 to create a jury issue……………………….14

Certificate of Compliance …………………………………………………………..16

Certificate of Service ………………………………………………………….…16

## Table of Citations

**Federal Cases**

*Booth v. GTE Fed. Credit Union* 8:21-cv-1509-KKM-JSS

(M.D. Fla. Nov. 20, 2021)………………………………………………….6

*Cost Recovery Servs. LLC v. Alltell Communications, Inc.*, 259 F. App'x 223

(11th Cir. 2007)…………………………………………………………10

*EEOC v. STME, LLC*, 938 F.3d 1305, 1314 (11th Cir. 2019)……………………..6

*Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242 (3d Cir. 2020)…………………...7

*Forsyth v. Univ. of Ala., Bd. of Trs.*, 2021 WL 4075728 (11th Cir. Sept. 8, 2021)…6

*Herring v. Secretary, Dep't of Corr.*, 397 F.3d 1338 (11th Cir. 2005)…………….10

*Jordan v. Union City*, 94 F. Supp. 3d 1328 (N.D. Ga. 2015)

*aff'd*, 646 F. App'x 736 (11th Cir. 2016)………………………………………….6

*Matias v. Terrapin House, Inc.,* 2021 WL 4206759 (E.D. Pa. Sept. 16, 2021)……7

*McFadden v. Biomedical Sys. Corp.*, 2014 WL 80717 (E.D. Pa. Jan. 9, 2014)……8

*Miami Dade County v. Davis*, 2025 WL 2370235 (S.D. Fla, August 14, 2025) ….12

*Prosser v. Thiele Kaolin Co.*, 135 F. Supp. 3d 1342 (M.D. Ga. 2015)…………….18

*Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987)…………………13

*TCC Air Servs., Inc. v. Schlesinger*, 2009 WL 56516 (S.D. Fla. Mar. 5, 2009)…...11

*Vahey v. Philips Elecs. N.A. Corp.*, 461 F. App'x 873 (11th Cir. 2012)…………….13

*Wile v. Fin. Indus. Regulatory Auth., Inc.*, 2125 Fair Empl. Prac. Cas.

(BNA) 1069 (S.D. Fla. Dec. 17, 2014)…………………………………..…18

**Federal Statutes**

29 U.S.C. § 621, et seq. ("ADEA"). . . . . . . . .... . . . . . . . . . . . . . . . . . . 8

42 U.S.C. § 12102(3)(A) ("ADA")…………….……………………...…5, 6, 7

**Federal Regulations**

29 C.F.R. § 1630.15(f)…………….……………………………………….5, 6

**Federal Rules**

Federal Rule of Civil Procedure 56 . . . . . . . . . . . . . . . . . . . . . . . . ... 8, 11, 12

**Eleventh Circuit Rules**

Eleventh Circuit Rule 27 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Eleventh Circuit Rule 32 . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . .. 40

## Argument

## Point I

**The district court's "suspicion" that Grey could not establish that she was regarded as disabled under the ADA was more than mere dicta in a footnote since it was based on a clearly erroneous application of the "transitory and minor" defense established by 42 U.S.C. § 12102(3)(B) and  29 C.F.R. § 1630.15(f) and cannot be affirmed on any other grounds**

Appellees agree in their Answer Brief that under 29 C.F.R. § 1630.15(f). the "transitory and minor" exception is an objective standard, and an employer cannot establish the defense unless it demonstrates that the impairment is both short in duration and minor in severity.   They also agree that the district court "suspected" but never actually found that Grey could not establish a *prima facie* case under the ADA because it determined that she could not demonstrate pretext.  Even if the district court incorrectly shifted the burden of proof to Grey to demonstrate that her condition either lasted, or was expected to last, more than six months, Second Look maintains that this error would not warrant reversal because the record contains alternative grounds supporting the legal conclusion that her bilateral COVID pneumonia was "clearly" both transitory and minor.  *See* Answer Brief, at 18.

The Court should reject Appellees' arguments on this point because the district court's "suspicion" that Grey was not regarded as disabled was based on an incorrect belief that because she had admittedly experienced symptoms of COVID-19 for less than a month at the time of her termination, Grey was required to show

5

that her condition actually lasted for at least six months in order establish a *prima facie* case under the ADA. The district court's flawed reasoning on this critical issue should not be minimized or disregarded as mere dicta in a footnote, since it ignores and would render meaningless this Court's well-established precedent that the relevant inquiry is whether the employer perceived the plaintiff to have an impairment at the time of the allegedly discriminatory act, not whether the plaintiff was actually impaired for a certain period of time following the adverse action. *Forsyth v. Univ. of Ala., Bd. of Trs.*, 2021 WL 4075728, at *4 (11th Cir. Sept. 8, 2021) (per curiam); *Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1314 (11th Cir. 2019).

As the district court noted in its own opinion in *Booth v. GTE Fed. Credit Union*, 8:21-cv-1509-KKM-JSS (M.D. Fla. Nov. 20, 2021), "[t]he plain meaning of "and" in § 12102(3)(B) "requires both aspects be present" and an employer cannot establish the defense unless it demonstrates that the impairment is both transitory and minor." *Id*. (citing 29 C.F.R. § 1630.15(f)). To defeat summary judgment on this issue, a plaintiff need only raise a genuine issue of material fact about whether [her] employer regarded [her] as having a mental or physical impairment" and there is no requirement to also "establish [her] employer's beliefs concerning the severity of the impairment." *Jordan v. Union City*, 94 F. Supp. 3d 1328, 1336 (N.D. Ga. 2015) (internal quotation marks omitted), *aff'd*, 646 F. App'x 736 (11th Cir. 2016).

When the correct legal standards under Rule 56 are applied to Appellees' affirmative defense that Grey was not regarded as disabled, there is little doubt that Appellant raised a genuine issue of material fact about whether she was regarded as having a mental or physical impairment that was not objectively minor under the applicable case law and 42 U.S.C. § 12102(3)(B). *See* Initial Brief, at 25-26 (summarizing evidence).    Based on the statutory language of the ADA, the applicable regulations and case law, if a plaintiff can establish a genuine issue as to the severity of her condition under Rule 56, there is no additional requirement that she even address the element of duration.  *See  Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 246 (3d  Cir. 2020) (citing  42 U.S.C. § 12102(3)(B) and holding that "an impairment that is transitory because it lasts less than six months but is objectively non-minor must also fall outside the 'transitory and minor' exception"); *Matias v. Terrapin House, Inc.,* No. 5:21-cv-02288, 2021 WL 4206759, at *4 (E.D. Pa. Sept. 16, 2021) (citing agency guidance to conclude that COVID-19 may be an ADA disability as it is not always transitory and is not minor).

In addition to being clearly erroneous, the district court's failure to apply the proper standard for determining whether a plaintiff was regarded as disabled in this case resulted in significant prejudice by depriving Appellant of any opportunity to establish a *prima facie* case of discrimination or retaliation under the ADA.  The impossibility of establishing a *prima facie* case further crippled Grey's ability to

establish pretext based on the timing of her termination decision less than two weeks after notifying Appellees' that she had been diagnosed with a more persistent and severe strain of COVID pneumonia that had caused significant damage to her respiratory system and less than one day after requesting reasonable accommodations supported by a note from her doctor confirming her "lingering symptoms including cough and extreme fatigue" and restricting her ability to travel for an indeterminate period of time until her "respiratory symptoms clear up completely." *See, e.g., McFadden v. Biomedical Sys. Corp.*, No. 13-cv-4487, 2014 WL 80717, at *5 (E.D. Pa. Jan. 9, 2014) (plaintiff's dismissal within one week following request for medical leave supported inference that plaintiff was "regarded as" disabled and established causal connection to termination).

The inference of a causal connection between Appellant's perceived disability her request for accommodation and her termination in this case is further strengthened by lack of any evidence of that Appellees were critical of Appellant or her job performance before she advised them that her "ordinary" COVID-19 symptoms that already caused her to miss more than a week of work had not improved and that she had been diagnosed with a more serious form of the virus involving pneumonia in both of her lungs and which was likely to restrict her ability to travel for an extended period of time until she was completely recovered.

**Point II**

**The district court's rejection of Maryann Vitikiez as a comparator was clearly erroneous and constituted reversible error, since it prevented Appellant from establishing a *prima face* case under the ADEA and foreclosed any opportunity to show pretext based on disparate treatment**

In this case, Second Look admits that it "did not make any arguments relating to the alleged comparator evidence in its motion for summary judgment [because] Ms. Vitikiez was not similarly situated to Ms. Grey, and not a proper comparator," and that Appellant "first raised the comparator evidence in her opposition to summary judgment." Answer Brief, at 25. Appellees further suggest that Grey has improperly raised the comparator issue "for the first time on appeal" and that it was waived because she did not file a motion to strike the new evidence submitted by Second Look in its reply brief or seek leave to file a sur-reply with the district court.[1]

Under Rule 56(a), the Appellees' admitted failure to include the critical element of comparator evidence in its motion for summary judgment should have precluded the district court from even considering those arguments when they were belatedly raised for the first time in the reply brief along with a brand new affidavit

---

[1] Second Look additionally argues that it cannot effectively address Grey's "unsupported allegations" on appeal "without record citations." Answer Brief, at 24. Although Grey concedes that the specific record citations for the comparator evidence were not included in her Initial Brief, the Court should reject any claim or unfairness or prejudice based on this inadvertent omission, since the evidence was produced by Appellees during discovery and Second Look admits that it had a clear enough understanding of the evidence to prepare and submit an additional affidavit from Chris Tidball to rebut it.

from Chris Tidball that Second Look now concedes was specifically tailored to "[take] all of the value out of" the facts submitted by Grey to oppose summary judgment on the comparator issue." Appellees' Brief, at 25. By allowing Appellees to meet their initial evidentiary burden under Rule 56(a) in their reply brief, and then improperly weighing the conflicting evidence while drawing every possible inference in favor of Second Look, the district court committed reversible error when it rejected Maryann Vitkievicz as a valid comparator under *McDonnell Douglas* for purposes of establishing Grey's *prima facie* claim under the ADEA or creating a jury issue as to pretext on both of her claims.

To hold otherwise would render meaningless the movant's initial burden under Rule 56(a) for the movant to show there is no genuine dispute of material fact on the essential elements of the non-movant's prima facie case  -- through the introduction of affidavits, documents, depositions or other materials, or even by pointing out a lack of evidence in the record  --  before the burden shifts to the non-movant to respond with specific facts showing a genuine issue for trial.   *Herring v. Secretary, Dept. of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotation marks omitted); *Cost Recovery Servs. LLC v. Alltell Communications, Inc.*, 259 F. App'x 223, 226 (11th Cir. 2007) (reversing summary judgment and holding that a party cannot raise a new

argument or evidence in a reply brief to a motion for summary judgment without giving the non-movant an opportunity to respond); *see also TCC Air Servs., Inc. v. Schlesinger*, No. 05–80543–CIV, 2009 WL 56516, at \*7 (S.D. Fla. Mar. 5, 2009) (rejecting reply evidence that was available to plaintiffs when they filed their principal motion and plaintiffs understood the necessity of submitting such evidence).

In their Answer Brief, Appellees try to gloss over the omission of this potentially dispositive element of Plaintiff's *prima facie* case under Rule 56(a) by stating their agreement with "all the reasons" cited by the district court for rejecting Ms. Vitkievicz as a comparator. Although hindsight in some cases may be 20/20, it provides no legal basis in this case to excuse Second Look's admitted failure to present any argument or evidence whatsoever on the comparator element when it moved for summary judgment motion under Rule 56 in this case.

Second Look also makes an unconvincing argument that Grey somehow surprised them by raising the comparator issue in her summary judgment response and then prejudiced them by "misrepresenting" the evidence of Maryann Vitikiez' poor sales numbers that they themselves had produced in discovery. The alleged misrepresentation was Appellant's use of the word "counseled" to describe the "more than 50 documented meetings" referenced in Chris Tidball's email where he told Ms. Vitikiez that "we needed to get things moved along and closed" and the

"multiple times there were discussions about the need to get things closed before end of quarter and the need to push opportunities to closure." Because the word "counseled" never appeared in Mr. Tidball's email, Second Look claims that it merely "submitted an affidavit of Mr. Tidball to "expound upon the context of the source document," and argues that the district court's acceptance and reliance on the Tidball affidavit "took all of the value out of these facts for opposing summary judgment." Appellees' Brief, at 25.

If Appellees' arguments on this point were to be accepted by this Court, an employer could simply self-select the elements of the plaintiff's *prima facie* case that it wants to brief under Rule 56(a) based on its own subjective assessment of the strengths of the plaintiff's case, accuse the plaintiff of misrepresenting the material facts on any issue it chose to omit from the initial brief and then ambush the plaintiff on the reply brief with new facts and arguments specifically tailored to rebut the plaintiff's evidence. That is clearly not how Rule 56 was designed to work.

In the recent case of *Miami Dade County v. Davis*, 2025 WL 2370235 (S.D. Fla, August 14, 2025) the defendant argued that the plaintiff "could not possibly have been replaced by someone outside his race or by someone substantially younger because [his] position was never filled at all upon his termination," his managerial duties were absorbed by his supervisor and the alleged comparator's job duties never changed following the plaintiff's termination. *Davis*, at 6. The district court rejected

this argument, finding that "the evidence [plaintiff] points to [was] likely sufficient to introduce a genuine issue of material fact as to the fourth element of his prima facie case" and that it was not "necessarily dispositive that the County did not promote [the comparator] into [plaintiff's] exact title and position. *Id*. at 7 The *Davis* court cited *Rollins v. TechSouth, Inc*., 833 F.2d 1525, 1529 (11th Cir. 1987) for the principle that "even where a plaintiff's position is 'restructured and relabeled,' and even if some of the plaintiff's duties are redistributed to various other employees, a plaintiff can still establish that he was replaced by an employee outside of his protected class" and *Vahey v. Philips Elecs. N.A. Corp*., 461 F. App'x 873, 875 (11th Cir. 2012) for its well-established holding that "a plaintiff may demonstrate that he was replaced when another employee assumes the plaintiff's responsibilities in addition to their own responsibilities after the plaintiff is terminated."

In accordance with this Court's precedent cited in *Davis*, Appellant has presented sufficient evidence to raise a genuine dispute under Rule 56 as to whether Maryann Vitikiez was a valid comparator for purposes of establishing a *prima facie* case under the ADEA and showing pretext.

13

**Point III**

**If the district court properly found that Appellant was regarded as disabled under the ADA and that Maryann Vitikiez was a valid comparator for purposes of the ADEA claim, the evidence regarding the circumstances and timing of Grey's termination and Second Look's more favorable treatment of Maryann Vitikiez would have been sufficient under Rule 56 to create a jury issue**

After expressing serious doubt that Appellant could establish that she regarded as disabled, drawing all inferences in favor of Appellees' favor as to the termination reasons and rejecting Maryann Vitikiez as a valid comparator, the district court concluded that summary judgment was appropriate, noting that "[b]y itself, the proximity between her (granted) request for accommodation and her termination do not create a jury question on the issue of pretext," and that "[f]For the same reasons, Grey has not presented a 'convincing mosaic' that would allow a reasonable jury to conclude that defendants discriminated against her."

While it may have been a relatively easy call to grant summary judgment after balkanizing and disregarding the evidence that Appellant's bilateral COVID pneumonia was regarded as a disability and rejecting her comparator evidence, Appellant has shown in this appeal that the district court erred in both of its rulings on these critical issues.  Had the district court ruled in Grey's favor on even one of them, the outcome under Rule 56 and the applicable case law would in all likelihood have been very different.

14

Because both parties have already addressed the issue of pretext at length in their summary judgment moving papers and this appeal, and to avoid redundancy in the event this Court agrees that reversible error has been shown and that Grey has established a *prima facie* case on any of her claims under the ADEA and ADA, and to avoid redundancy, Appellant refers the Court to her previous arguments on this issue. *See, e.g., Prosser v. Thiele Kaolin Co.* 135 F. Supp. 3d 1342 (M.D. Ga. 2015) (summary judgment denied where plaintiff raised a genuine issue of material fact from which a reasonable jury could find that her alleged hostile attitude during a meeting held less than 24 hours after she complained of unequal pay was not an intervening act); *Wile v. Fin. Indus. Regulatory Auth., Inc*., 125 Fair Empl. Prac. Cas. (BNA) 1069 (S.D. Fla. Dec. 17, 2014) (jury could infer causation based on temporal proximity of one hour between the awareness of the filing of plaintiff's internal complaint and the decision to move forward with her termination).

## <u>Certificate of Service</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF on all Counsel of Record on the Service List provided below.

### Certificate of Compliance With Type-Volume Limit, <u>Typeface Requirements, and Type-Style Requirements</u>

This computer-generated document font complies with the type-volume limit of 11th Cir. R. 32 and 27.   It was prepared in Times New Roman 14-point and excluding the parts of the document exempted by Fed. R. App. P. 27(a)(2)(B), it contains 4,219 words.

Respectfully Submitted,

*/s/ Christopher C. Sharp*
Christopher C. Sharp
Florida Bar No. 996858
SHARP LAW FIRM, P.A.
1600 W. State Road 84, Suite C
Fort Lauderdale, Florida 33315
Phone: (954) 909-4246
Fax: (954) 206-8444
csharplaw@aol.com
chris@csharplawfirm.com
*Attorney for Appellant*

Dated:  October 30, 2025

## SERVICE LIST

Christopher C. Sharp
SHARP LAW FIRM, P.A.
1600 W. State Road 84, Suite C
Fort Lauderdale, Florida 33315
Phone: (954) 909-4246
Fax: (954) 206-8444
csharplaw@aol.com
chris@csharplawfirm.com
*Attorney for Appellant*

Jason A. Collier
Duane A. Daiker, Esq.
Ryan M. Geurin, Esq.
SHUMAKER, LOOP & KENDRICK, LLP
240 S. Pineapple Avenue
P.O. Box 49948
Sarasota, Florida 34230-6948
(941) 366-6660; (941) 366-3999 fax
jcollier@shumaker.com
ddaiker@shumaker.com
rguerin@shumaker.com
*Attorneys for Appellees*

## Statement of the Issues

This appeal of the final order granting Appellees' motion for summary judgment raises three issues:

*One*, whether, based on the record evidence that Appellant's COVID symptoms at the time of her termination were more than "minor," the district court erred by requiring Grey to additionally show that her diagnosis of bilateral COVID pneumonia either "did or was expected to persist for over six months" to establish that she was regarded as disabled under the ADA.

*Two*, whether the district court erred in rejecting Appellant's comparator evidence based on Appellees' more favorable treatment of her similarly situated, younger replacement Maryann Vitkiez who did not suffer from COVID-19 and failed to close any new deals until several months after completing her 60-day probationary period before she was terminated a year later at the end of 2023 for her chronic poor performance and inappropriate behavior at a company function.

*Three*, if the district court properly admitted the comparator evidence and found that Appellant was regarded as disabled under the ADA, whether the curious timing of Grey's termination just one day after requesting reasonable accommodations, combined with the subjective and shifting nature of the termination reasons and the more favorable treatment of Maryann Vitkiez would have been sufficient under Rule 56 to raise an inference of pretext or create a

"convincing mosaic" sufficient to allow a reasonable jury to find that the Appellees

discriminated against Grey.

**Summary of the Argument**

The district court erred in granting Appellees' motion for summary judgment in this case under Rule 56 on the following grounds

As to Point I, the district court misinterpreted the burden of proof on Appellees' affirmative defense that Grey was not regarded as disabled under the ADA. Instead of requiring Appellees to demonstrates that the impairment is both transitory **and** minor to avail itself of the defense, the district court improperly shifted the burden to Appellant to essentially disprove both of these elements and then compounded its error by adding an additional requirement for Grey to present evidence that her diagnosis of bilateral COVID pneumonia either "did or was expected to persist for over six months" to establish that she was regarded as disabled under the ADA.

Regarding Point II, the district court's rejection of Maryann Vitikiez as a comparator for purposes of establishing a *prima facie* case or showing pretext was based new facts that were raised for the first time in a self-serving affidavit of Chris Tidball submitted with Appellees' reply brief. R-66-10-11. The district court's improper consideration of these "new facts" resulted in significant prejudice to Appellant, since the undisputed record evidence cited by Appellant on the comparator issue otherwise provided more than sufficient support under Rule 56 to create a disputed issue of material fact on this critical issue.

20

At Point III Appellant argues that the result in this case under a proper application of Rule 56 would likely differ if the district court had applied the correct legal standards and properly allocated Appellees' burden of proof on its affirmative defense that Grey was not regarded as disabled under the ADA, or if it accepted Maryann Vitikiez as a valid comparator for purposes of showing disparate treatment under the ADA or the ADEA. Under either scenario, the district court would have been required to view Grey's pretext evidence in a different and more favorable light under Rule 56 that would have made summary judgment inappropriate under either McDonnell Douglas or this Court's "convincing mosaic" rubric for discrimination and retaliation claims based on circumstantial evidence.